RAMÓN PARÉS COLLAZO, generalmente conocido por RAMÓN C. PARÉS, demandante y apelado, *v.* MARÍA ECHANDI, demandada y apelante.

Núm. 7864.—*Sometido:* Febrero 20, 1939. *Resuelto:* Febrero 25, 1939.

*Martínez Nadal & Juliá,* abogados de la apelante; *Herminio Miranda y R. Díaz Collazo,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se pide la desestimación del recurso de apelación interpuesto en este caso.

Se trata de un pleito sobre divorcio. La apelación se estableció en agosto 13 de 1938 radicándose el récord en la secretaría de esta corte en septiembre 17 siguiente. En septiembre 29 se concedió a la parte apelante hasta octubre 29 para presentar su alegato, en octubre 31 hasta noviembre 28, en noviembre 28 hasta diciembre 28, en diciembre 27 hasta enero 27, 1939, advirtiéndosele que no se le concederían más prórrogas a menos que concurrieran circunstancias realmente meritorias.

Así las cosas, en enero 27, 1939, la apelante por medio de su abogado volvió a solicitar otra prórroga de treinta días. La única circunstancia que se expuso fué la de haber regresado su abogado de los Estados Unidos el día doce y haber estado desde entonces atendiendo personalmente diferentes casos en las cortes de la Isla y urgentes asuntos relacionados con su profesión.

En enero 28 la parte apelada presentó una moción para que se limitara a cinco días la prórroga. Y la corte, en febrero 2, 1939, concedió un plazo improrrogable de diez días contados a partir del 27 de enero, 1939.

Transcurrió el plazo sin que el alegato se archivara y la parte apelada solicitó en 7 de febrero de 1939 la desestimación del recurso por abandono y por ser frívolo.

Se señaló la vista de la moción para febrero 20, 1939, y en ese mismo día la apelante presentó su alegato, pidiendo en el acto de la vista a la corte que, en el ejercicio de su discreción, le permitiera continuar con su caso. La parte apelada compareció y se opuso.

La negligencia de la apelante es manifiesta. La dilación en el cumplimiento de su deber reglamentario de presentar su alegato, no tiene justificación. Sólo en el caso de una demostración cumplida de que su recurso es meritorio, estaría esta corte justificada para ejercitar su discreción en favor suyo. Y a ese respecto hemos examinado el alegato.

Señala cuatro errores. Los tres primeros carecen de mérito. Quizá lo tenga el cuarto por el que se imputa a la corte sentenciadora error en la apreciación de la prueba, pero no hay base en los autos para considerarlo ya que no obstante aparecer de ellos que el apelante solicitó la transcripción de la evidencia por el taquígrafo, que el juez ordenó a éste su preparación y que preparada la aprobó, es lo cierto que dicha transcripción no se ha elevado a esta Corte Suprema.

Siendo ello así, *nos vemos obligados a declarar con lugar la moción y en su consecuencia a desestimar el recurso.*